Howell, J.
On a former application by this relator we refused a writ of mandamus to compel the granting of an appeal from an order *212 of the lower judge setting aside two previous orders and restoring an injunction against a writ of seizure and sale obtained by the relator. We based our refusal on the fact that the property subject to the mortgage being in the possession of the sheriff, the order reinstating the injunction would not work an irreparable injury and an appeal would not lie. See opinion book 44, page 58.
The sheriff, under his construction of our action in connection with that of the district judge anterior thereto, notified counsel that he would release the property, whereupon the relator, Gay, applied for a rule on the sheriff to show cause why he should not retain the same, and asked that in the meantime he be enjoined from releasing the seizure. The district judge refused to issue the rule and injunction, and the relator asked for an appeal from this refusal, which was denied, and he now asks this court for a peremptory mandamus to compel said judge to grant the appeal sought, and ior a perpetual prohibition restraining the sheriff, the judge and the defendant, in the executory proceedings, from changing the possession of said property.
The foregoing statement shows that this is not a case for the writs 'sought. The judge simply refused to entertain or grant a rule and a provisional injunction as a sequence of the issuance of the said rule. The remedy is not by appeal from such refusal. There was nothing done in the lower court for us to revise.
It is therefore ordered that the writs of mandamus and prohibition herein prayed for be refused at the costs of relators.